John W. Harris (SBN 66130)
Herbert Hayden (SBN 248282)
**HARRIS & ASSOCIATES**
865 South Figueroa Street, Suite 2750
Los Angeles, CA 90017
Tel: (213) 489-9833
Fax: (213) 489-3761
E-mail: john@jwharrislaw.com
    herbert@jwharrislaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYONTE VIRGIL,<br><br>                    Plaintiffs<br><br>v.<br><br>THE COUNTY OF RIVERSIDE; CHAD BIANCO, individually, HAROLD REED, individually, and DOES 1 through 50, inclusive,<br><br>                    Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. **Excessive Use of Force 42 U.S.C. § 1983;**<br>2. **Retaliation - 42 U.S.C. § 1983;**<br>3. **Municipal – Liability 42 U.S.C. § 1983;**<br>4. **Intentional Infliction of Emotional Distress (Cal. Govt. Code § 820);**<br>5. **Negligence (Cal. Govt. Code § 820 and California Common Law)**<br>6. **Assault and Battery (Cal. Govt. Code § 820);**<br>7. **Violation of Bane Act (Cal. Civil Code § 52.1 and California Common Law)**<br>8. **Violation of Ralph Act Cal. Civil Code § 51.7)**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

COMES NOW BRYONTE VIRGIL (collectively, "Plaintiff"), who allege as follows:

**I.**

1

**INTRODUCTION**

1.   This action is brought under Title 42 U.S.C. § 1983 and on the Eighth and Fourteenth Amendments of the United States Constitution, and pursuant to the general laws of the United States and of the State of California. Plaintiff also alleges that the conduct of each Defendant deprived Plaintiff of his constitutional right to due process under the law, and caused Plaintiff to suffer grievous pain, suffering, anxiety, depression, harm and injury based on his false arrest, wrongful imprisonment, and the excessive force applied against him.

**II.**

**JURISDICTION & VENUE**

2.   The Court has jurisdiction over the federal law claims action pursuant to Title U.S.C. §§ 1331 and 1343. Plaintiff brings this action pursuant to Title 42 U.S.C. §§ 1983, 1988 for relief are within the jurisdiction of the Court, pursuant to Title 28 U.S.C. § 1367. This action is brought pursuant to 42 U.S.C. §§ 1983, Eighth, and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 29 U.S.C. §§ 1331 and 1343(1), (2), (3) and (4), and the aforementioned statutory and Constitutional provisions.

3.   Venue over Plaintiffs claims is proper in the Central District of California as Plaintiff's claims herein arise out of incidents involving deputies of the Riverside County Sheriff's Department, and the events giving rise to the claim occurred in the Larry D. Virgil Correctional Facility located at 1627 Hargrave St, Banning, CA 92220, within the Central District of California pursuant to 28 U.S.C. § 1391 (a)(1) and (b)(2).

**III.**

**PARTIES**

**COMPLAINT FOR DAMAGES**

4.   At all times relevant hereto, Plaintiff Bryonte Virgil was a resident of the County of Los Angeles, California. Bryonte Virgil has been held as a pre-trial detainee on various criminal charges and in the custody of the Riverside County Sheriff's Department ("RCSD") since on or around September 2019.

5.   Pursuant to C.C.P. § 352.1, the time for Bryonte Virgil to bring the various causes of action has therefore been tolled not to exceed two years. The effect of such tolling is that the statute of limitations on a claim based on excessive force (42 USC 1983) for an incarcerated claimant is four years from the date the claim accrued.

6.   At all relevant times, Defendant THE COUNTY OF RIVERSIDE ("COUNTY") is and was municipal corporations existing under the laws of the State of California; and at all times herein mentioned, Defendant COUNTY possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting the operation of the Riverside County Sheriff's Department and its tactics, methods, practices, customs and usage.

7.   At all times relevant herein, defendants DOES 1 through 10, (hereafter "SHERIFF DEPUTY DEFENDANTS") were residents of the County of RIVERSIDE, and were sheriff deputies, agents and representatives of the COUNTY. At all times relevant hereto, said defendants were acting within the course and scope of their employment as officers, sergeants, captains and chiefs of police, policy makers, and/or civilian employees of the COUNTY OF RIVERSIDE At all times relevant herein, said defendants were acting under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, practices and usages of defendant COUNTY OF RIVERSIDE, its sheriff department and/or the State of California.

8.   At all relevant times, Defendants DOES 1 through 50, were duly authorized employees and agents of COUNTY, who were acting under color of law

**COMPLAINT FOR DAMAGES**

within the course and scope of their respective duties as police officers and with the complete authority and ratification of their principal, Defendants COUNTY.

9.   Defendant CHAD BIANCO ("Sheriff Bianco") was at the time of the wrongdoing alleged hereinafter the duly appointed Sheriff of Riverside County, and exercised all powers assigned by law to that position. Pursuant to California Government Code § 26605, Sheriff Bianca was under a duty to take charge of, and be the sole and exclusive authority to keep, the county jail and the prisoners in it. (See, also, California Government Code §§ 26610, California Penal Code § 4006). In that capacity, Sheriff Bianco oversaw and supervised the RSD in the performance of the duties, acts and omissions alleged hereinafter. He also exercised final policymaking authority over the policies and practices of RSD with regard to treatment of prisoners, security procedures in jail facilities administered by the County of Riverside ("County Jail"), and the training and supervising RSD Deputies assigned to County Jail facilities. Sheriff Bianca is a "person" within the meaning of 42 U.S.C. § 1983.

10. Defendant HAROLD REED was at the time of the wrongdoing alleged hereinafter the Correctional Captain of the Larry D. Smith Correctional Facility in Riverside County and was delegated the duties for training, supervision of the custody Sheriff deputies therein. He was the de facto supervisor/operations manager for the Larry D. Smith Correctional Facility.

11. At all times relevant herein, defendants, DOES 1 through 5, (hereafter "SUPERVISING DEPUTIES") were residents of the County of Riverside, and were SHERIFF DEPUTYs, sergeants, detectives, captains, lieutenants, chiefs of police, and/or civilian employees, agents and representatives of the COUNTY OF RIVERSIDE. At all times relevant hereto, said defendants were acting within the course and scope of their employment as officers, sergeants, captains and chiefs of police, policy makers, and/or civilian employees of the COUNTY OF RIVERSIDE. At all times relevant herein, said defendants were acting under color of law, to wit,

**COMPLAINT FOR DAMAGES**

under the color of the statutes, ordinances, regulations, policies, customs, practices and usages of defendant COUNTY OF RIVERSIDE.

12. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOE defendants 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the acts and/or omissions of said fictitiously named defendants.

13. At all times relevant hereto, SHERIFF DEPUTY DEFENDANTS employed organized unlawful and illegal customs and practices of excessive force and illegal searches and seizures, false arrests which lacked probable cause, falsification of evidence, filing of false police reports in violation of P.C. § 118.1, committing perjury in carrying out their mandate. Said misconduct was encouraged, tolerated and condoned by SUPERVISORY OFFICER DEFENDANTS.

14. At all times relevant herein, SUPERVISORY OFFICER DEFENDANTS were supervisors and/or policy makers for the COUNTY OF RIVERSIDE. These Defendants instituted, and knowingly and intentionally assured the continued existence of procedures employed by the COUNTY OF RIVERSIDE, that served no purpose but to put a seal of approval on acts of misconduct employed by officers within the ranks of the COUNTY OF RIVERSIDE SHERIFF'S DEPARTMENT.

15. At all times relevant herein, SHERIFF DEPUTY DEFENDANTS were acting within the course and scope of their employment as SHERIFF DEPUTYs and employees of the COUNTY OF RIVERSIDE, which is liable in respondeat superior for said employees state-law torts pursuant to section 815.2 of the California Government Code.

**COMPLAINT FOR DAMAGES**

16. The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 1 through 50, inclusive, are unknown to Plaintiffs who otherwise sues these defendants by such fictitious names.  Plaintiffs will seek leave to amend this complaint to show the true names and capacity of these defendants when they have been ascertained. Each of the fictitiously named defendants is responsible in some manner for the conduct or liabilities alleged herein.

17.  All defendants who are natural persons, and each of them, including DOES 1 through 50, are sued individually and/or in their official capacity as officers, sergeants, captains, commanders, supervisors and/or civilian employees, agents, policy makers, and representatives for defendants COUNTY and CITY.

**V.**

**FACTS COMMON TO ALL CAUSES OF ACTION**

18.  Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 18 above of this Complaint with the same force and effect as if fully set forth herein.

19.  On June 7, 2018, a Riverside County Grand Jury report titled "Riverside County Sheriffs Department Corrections Division - Correctional Centers Inmate Services Issues," notified Defendant COUNTY of its responsibility of "providing a safe and secure environment for humane care of detained or incarcerated citizens."

20.  The Riverside County Grand Jury report notified Defendant COUNTY that the "[t]he grievance procedure is a method designed to allow an inmate/detainee to document a complaint regarding a variety of issues within the detention facility or department" and is "an important tool to rectify and mitigate problems brought to the attention of detention staff."

21.  The Riverside County Grand Jury report recommended Defendants COUNTY to adopt the following: (a) All grievance responses should be written in a professional manner and be reviewed by a supervisor ensuring that the responses are

**COMPLAINT FOR DAMAGES**

professional. If the lieutenant finds a complaint is sustained, then it should be forwarded to the captain level for the appropriate disposition; (b) Policies and procedures should be modified to reflect this process; (c) All staff should receive appropriate annual training on properly and professionally responding to a grievance; (d) Grievance responses should include the policy/procedure number(s) as the reference correlating to the response for either granting or denying the grievance.

22.  The Riverside County Grand Jury report also notified Defendant COUNTY that the "California Government Code § 26202.6(a)(c) with respect to video recordings requires that they be available for review for one year after the date of the original recording." The Riverside County Grand Jury did not receive requested videos due to the fact that "they had been reported lost due to a failure of the recording device."

23.  The Riverside County Grand Jury report recommended Defendant COUNTY the following: (1) provide preservation of audio/video recordings for a minimum of one year in accordance with the California Government Code § 26202.6 (a) (c), and (2) provide a reliable video record, backup recorders should be available to replace units found to be malfunctioning. Checks of full functionality should be completed at least once per shift in areas such as exercise yards and Administrative Segregation and dayrooms. Sufficient tapes or digital media should be made available to meet the one year retention period required in Government Code § 26202.6 (a) (c).

24.  Plaintiff Bryonte Virgil was originally arrested on August 22, 2019 [Booking number 201931944] for allegedly "pimping and human trafficking".

25.  On March 24, 2020, Plaintiff Bryonte Virgil was assigned to Pod 12-C at the Larry D. Smith Correctional Facility, located at 1627 S. Hargrave Street Banning, CA 92220.

26.  At or around 6:45 p.m., Plaintiff Virgil and the other prisoners prepared for a headcount as the jail staff did a shift change.  The incoming jail staff, presumably Sheriff's deputies, ordered Plaintiff and other inmates to lay on the ground and face the wall.  Plaintiff complied with the commands but continued to converse and joke with other inmates in the pod.

27.  While Plaintiff was lying on the ground, two SHERIFF DEPUTY DEFENDANTS approached him and ordered him to "Get up and face wall".  Plaintiff complied and the SHERIFF DEPUTY DEFENDANTS proceeded to pat Plaintiff down.

28.  Plaintiff inquired what did he do to be singled out of the rest of the inmates in the pod.  The SHERIFF DEPUTY DEFENDANTS responded, "Don't worry about it you ask too many questions" and "Shut up you dumb motherfucker".

29.  Plaintiff retorted that he did not have to shut up because he had First Amendment rights.

30.  After Plaintiff's assertion of his rights, one of the SHERIFF DEPUTY DEFENDANTS ordered Plaintiff to "come with us".  Plaintiff then requested if he could put on his slippers, but the SHERIFF DEPUTY DEFENDANTS refused him the courtesy.

31.  The SHERIFF DEPUTY DEFENDANTS then escorted Plaintiff side by side to a hallway facing the "rec yard". The SHERIFF DEPUTY DEFENDANTS pushed Plaintiff's back against the wall when they and Plaintiff reached the middle of the hallway.

32.  As the SHERIFF DEPUTY DEFENDANTS pushed him against the wall in the hallway, Plaintiff continued to ask them "what did he do?" Whereupon the SHERIFF DEPUTY DEFENDANTS replied "Shut the fuck up!!! You talk too fucking much!!!"

**COMPLAINT FOR DAMAGES**

33. Without reasonable cause or warning, one of the SHERIFF DEPUTY DEFENDANTS slammed Plaintiff's face into the wall and began to repeatedly punch Plaintiff in the head and face.

34. One of the SHERIFF DEPUTY DEFENDANTS then took Plaintiff's right hand and jerked it upwards, "chicken-winging" him. The other deputy then grabbed both of Plaintiff's arms, pushing Plaintiff forward. As Plaintiff leaned over, the deputy took both of Plaintiff's hands and turned Plaintiff's thumbs up behind his back.

35. Plaintiff yelled in pain that the SHERIFF DEPUTY DEFENDANTS were breaking his hands. One of the deputies claimed that Plaintiff was "resisting" and that "he was gonna hit" Plaintiff, although Plaintiff had complied with the SHERIFF DEPUTY DEFENDANTS and been restrained by them the entire time.

36. The deputy who claimed Plaintiff resisted proceeded to punch and beat Plaintiff in the head, face, and body although Plaintiff posed no threat to either of the SHERIFF DEPUTY DEFENDANTS. While one deputy assaulted and battered Plaintiff, the other deputy held Plaintiff down with his knees on Plaintiff's back and legs.

37. After the beating, the SHERIFF DEPUTY DEFENDANTS handcuffed Plaintiff, picked him up and took him to the infirmary.

38. The SHERIFF DEPUTY DEFENDANTS, proceeded to punch, kick and beat Plaintiff repeatedly while he was pinned to the ground by them.

39. Plaintiff made no acts and/or movements that solicited and/or justified the excessive force and battery committed on him.

40. Plaintiff was restrained at the time of assault and battery and he did not pose a threat to the health and safety of the deputies, to the other inmates or himself. The attack on Plaintiff was unprovoked and without any justification whatsoever; the assault and battery, which was excessive under the totality of the circumstances, served no legitimate law enforcement purpose.

41.  As a result of the severe beating, Plaintiff suffered a broken nose, traumatic hematoma to his forehead, concussion and possibly traumatic encephalopathy, periorbital ecchymosis (black eye), bruising and pain to his torso, and injury to his left wrist and hand.

42.  Plaintiff never resisted throughout the beating. Notwithstanding the forgoing, multiple times throughout the beating, the SHERIFF DEPUTY DEFENDANTS yelled at Plaintiff to stop resisting. On at least one occasion, Plaintiff responded "I'm not resisting."

43.  On information and belief, the SHERIFF DEPUTY DEFENDANTS at the Larry D. Smith Correctional Facility, had a practice during this time period of audibly making statements to the effect of "stop resisting" while they engaged in acts of excessive force against inmates in custody, regardless of the fact that the inmates were not resisting the deputies in any manner. On information and belief, deputies at the Larry D. Smith Correctional Facility employed this tactic so that witnesses - whether it be percipient witnesses or video / audio recordings - would hear the fabricated justification for the use of force.

44.  Plaintiff's hands were held by one or both of the SHERIFF DEPUTY DEFENDANTS during the whole beating - his hands were never free and remained subjected to the excessive force used by the SHERIFF DEPUTY DEFENDANTS behind his back throughout. At no point did the SHERIFF DEPUTY DEFENDANTS ever let go of Plaintiff's hands.

45.  Based on information and belief SHERIFF DEPUTY DEFENDANTS filed a false incident report which led to charges being filed against Plaintiff. The materially false reports were tolerated by and/or written with the assistance of supervising Sheriff's employees attempting to cover up the crimes of the SHERIFF DEPUTY DEFENDANTS.

46.  Plaintiff received severe injuries, *inter alia*, while defendants received little or no injuries.

**COMPLAINT FOR DAMAGES**

47. On information and belief, possible motivations for the attack may have included (1) grievances submitted regarding other Latino/Mexican inmates assaulting and trying to fight Plaintiff a week prior on or around March 17th; and (2) grievances filed by Plaintiff that correctional officers refused to protect Plaintiff despite knowing that he was in fear from violence from other inmates.

48. The SHERIFF DEPUTY DEFENDANTS acted with reckless disregard, deliberate indifference and/or objectively unreasonably, intentionally and/or negligently assaulted and battered Mr. Virgil and causing grave bodily injury and pain to Plaintiff.

49. Upon information and belief, these Defendants, and each of them, acted under color of authority with the intent to cause severe injuries which foreseeably resulted from their beating of Plaintiff.

50. Upon information and belief, Defendants COUNTY, Chief Bianco and Reed have been aware for several years that the COUNTY Jails have been the subject of several newspaper articles highlighting the longstanding nature of the problem of excessive force therein and what the Department has done-or not done-in response, in addition to the 2018 Grand Jury Report. One such article is "Why We Are Publishing Video of the Hours Before Phillip Garcia Died in Custody" https://www.propublica.org/article/why-we-are-publishing-video-of-the-hours-before-phillip-garcia-died-in-custody, case *Mary H. Garcia et al v. County of Riverside et al*, Case No.: CV 5:18-00839 SJO (ASx). The COUNTY was put on notice for similar failures to protect inmates from excessive force perpetrated by correctional officers in the matter of Jarrell Allen v. County of Riverside et al. Case No. 5:19-cv-00153-RGK-SHK.

51. On information and belief, a reasonable law enforcement officer would not have used excessive force against Plaintiff under the same circumstances because: (a) Plaintiff was cooperating and was not resisting; (b) Plaintiff was unarmed; (c) Plaintiff was not a threat to anyone and as such Defendants and each of them, could

not have reasonably believed that they were in imminent danger of being killed, injured or touched unlawfully; and (d) even if there was any imminent danger, the SHERIFF DEPUTY DEFENDANTS and each of them, used more force than was necessary when several Defendants took turns to beat an unarmed Plaintiff.

52.  At all times relevant hereto, Defendants COUNTY, Bianco and Reed were responsible for the training of all officers of Defendants COUNTY employed at the Larry D. Smith Correctional Facility in the proper care of individuals within their custody. The SHERIFF DEPUTY DEFENDANTS were trained by the COUNTY, Bianco, and Reed, at the direction, special insistence, and under the control of Defendant COUNTY, in the proper care of individuals within their custody in accordance with the statutes, ordinances, regulations, customs, and usages of Defendant and the State of California. Defendant COUNTY was also responsible for enforcing the regulations of the RCSD and for ensuring that law enforcement personnel of the RCSD obeyed the laws of the State of California and the United States of America.

53.  Defendants COUNTY D, by and through their supervisory employees and officials, have been on notice through complaints, both formal and informal, that its officers have repeatedly engaged in a pattern and practice of purposefully abridging the rights, constitutional and otherwise, of persons within their jurisdiction. Despite such notice, the COUNTY, and certain of the SHERIFF DEPUTY DEFENDANTS, and each of them, demonstrated deliberate indifference to this pattern and practice of violations of rights by failing to take necessary, appropriate, or adequate measures to ensure the cessation of such conduct. This deliberate indifference of the Defendants amounts to an informal policy or custom, and ratification, said policy or custom ratified being another proximate cause of the injury to Plaintiffs.

54.  As a direct and proximate cause of the acts alleged above, Plaintiff has had to hire the services of an attorney. Plaintiff has incurred and continues to incur legal expenses, costs, and attorneys' fees, and is entitled to an award of attorneys' fees

and costs pursuant to 42 U.S.C. § 1988(b). Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known

### FIRST CAUSE OF ACTION

**Excessive Force and Cruel & Unusual Punishment for the March 24, 2020 Beating (42 U.S.C. § 1983)**

**(Plaintiff Bryonte Virgil against All SHERIFF DEPUTY DEFENDANTS)**

55. Plaintiffs repeat and re-allege each and every allegation.in paragraphs 1 through 54 of this Complaint with the same force and effect as if fully set forth herein.

56. The Doe SHERIFF DEPUTY DEFENDANTS, each of them, by the application of excessive force and violence upon Plaintiff as aforesaid violated Plaintiff's civil rights. This action is brought pursuant to 42 U.S.C. § 1983, and the Eighth Amendment of the United States Constitution.

57. As described above, the Doe SHERIFF DEPUTY DEFENDANTS violated Plaintiff's Eighth Amendment rights by unlawfully and unreasonably beating him while he was handcuffed without justification. Plaintiff had a right to be free from cruel and unusual punishment and deprivation of personal liberty, or physical force by threatening and committing violent acts upon him.

58. Plaintiff reasonably believed that if he exercised his right to be free from cruel and unusual punishment and deprivation of his personal liberty and to be free from physical force, the SHERIFF DEPUTY DEFENDANTS would commit violence against him.

59. In doing these things, said defendants acted specifically with the intent to deprive Plaintiff of his constitutional rights under the First, Eighth and Fourteenth Amendment.

13

**COMPLAINT FOR DAMAGES**

60. Said defendants subjected Plaintiff to the aforementioned deprivations by either actual malice, deliberate indifference or a reckless disregard of his rights under the U.S. Constitution.

61. Said defendants, acted at all times herein knowing full well that the established practices, customs, procedures and policies of the COUNTY OF RIVERSIDE and its Sheriff Department would allow a cover-up and allow the continued violation of the Eighth Amendment of the Constitution of the United States.

62. As a direct and proximate result of the aforementioned acts of said defendants, Plaintiff suffered the violation of his constitutional rights as described above. As the further actual and proximate result of the acts and omissions of said defendants, as described herein, Plaintiff suffered personal and bodily injuries, and during said time he suffered, and continues to suffer, severe emotional and psychological pain, suffering, anxiety, depression, anguish, shock, and fear.

63. The aforementioned acts of said defendants were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to said defendants.

## SECOND CAUSE OF ACTION

### First Amendment-Retaliation (42 U.S.C. § 1983)

### (Plaintiff Bryonte Virgil against All SHERIFF DEPUTY DEFENDANTS)

64. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 63 of this Complaint with the same force and effect as if fully set forth herein.

65. Plaintiff was engaged in exercising his rights to free speech and to petition for redress of grievances, as guaranteed to him under the First Amendment to the United States Constitution.

66. The SHERIFF DEPUTY DEFENDANTS took action against Plaintiff, including but not limited to, threatening him with words and actions, detaining him without probable cause or reasonable suspicion, intimidating him, and harassing him, telling Plaintiff that they would beat Plaintiff, if Plaintiff did not "shut the fuck up" and that "[Plaintiff] talked to fucking much". Moreover, the SHERIFF DEPUTY DEFENDANTS beat Plaintiff after he protested that he had a First Amendment right to protest their maltreatment of him.

67. A substantial or motivating factor for the actions of the SHERIFF DEPUTY DEFENDANTS was retaliating against, or having a chilling effect on, Plaintiff's protected speech, conduct, and petitioning for redress of grievances.

68. The conduct of the SHERIFF DEPUTY DEFENDANTS was willful, wanton, malicious and done with an evil motive and intent and a reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to the SHERIFF DEPUTY DEFENDANTS.

69. Accordingly, the SHERIFF DEPUTY DEFENDANTS are liable to Plaintiff for compensatory and punitive damages under 42 U.S.C. § 1983.

70. Defendant COUNTY is vicariously liable for the wrongful acts of Defendants DOES 1 through 50, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

71. Plaintiffs also seek attorney fees under this claim pursuant to 42 U.S.C. § 1988.

### **THIRD CAUSE OF ACTION**

**Municipal Liability (42 U.S.C. § 1983)**

**(Plaintiffs against Defendants COUNTY OF RIVERSIDE, BIANCO, and REED)**

**COMPLAINT FOR DAMAGES**

72.     Plaintiffs incorporates by reference paragraphs 1 through 71 as though fully set forth herein.

73.     At all times herein mentioned, Defendants Bianco and Reed maintained a custom, policy and practice to allow the violation of civil rights. Additionally, Defendants Bianco and Reed had a custom and practice of allowing its deputies and staff to poorly treat its inmates, by using excessive force in beating them, in addition to the myriad of examples identified above, in violation of Plaintiff's civil rights under color of state law and constituted a systematic custom, policy, practice and procedure instituted for denial of the civil rights of Plaintiff and others. On the dates of Plaintiff's various beating, Defendants Bianco and Reed, inclusive, were aware that such beatings were common within the jail facilities. *See Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011).

74.     Said defendants were aware of the customs, practices, and propensities of their subordinates – the SHERIFF DEPUTY DEFENDANTS - to make false arrests, to employ excessive and unnecessary force, to file false police reports in violation of P.C. § 118.1, to falsify evidence and to commit perjury to conceal this misconduct, and to unlawfully and without probable cause or suspicion detain, arrest and imprison persons; including the misconduct alleged in the present complaint. Said defendants tolerated, encouraged and expressly and impliedly condoned this misconduct by consciously ignoring, turning a blind eye to and overlooking and ratifying such misconduct.

75.     Notwithstanding this knowledge, said defendants encouraged and facilitated such conduct and deliberately and leniently overlooked and ratified the misconduct of SHERIFF DEPUTY DEFENDANTS by failing to discipline said officers, approving false and misleading police reports authored by said officers, and failing to recommend the investigation and criminal prosecution of said officers for their misconduct, and in the present instance failing to supervise and control SHERIFF DEPUTY DEFENDANTS so as to prevent the misconduct alleged herein

16

and by failing to train said subordinate officers in the procedures, laws and practices that would eliminate the risk of the constitutional violations alleged herein.

76.     By consciously and deliberately overlooking the repeated acts of misconduct and criminal acts by their subordinate officers, including their subordinates SHERIFF DEPUTY DEFENDANTS said defendants established a custom and practice of condoning and ratifying such misconduct and criminal activity, and established a tolerated pattern of constitutional violations amongst their subordinate officers. The condoning of misconduct by said defendants was so comprehensive and well-known that their subordinate officers were emboldened to blatantly violate the constitutional rights of any persons the subordinate officers came into contact with while on duty and while off duty to commit crimes such as false arrests, perjury, assaults and batteries with impunity.

77.     Through their conscious disregard for the rights of the persons their subordinates would come in contact with and through their custom and practice of encouraging, condoning, tolerating and ratifying constitutional violations and criminal activity by their subordinates, said defendants were deliberately indifferent to the constitutional violations being committed by their subordinates, including SHERIFF DEPUTY DEFENDANTS.

78.     Defendant Sheriff Bianco of Riverside County Sheriff's Department commands the Sheriff's Department. Among other duties at the Sheriff's Department, Sheriff Bianco had a duty to protect inmates at the Riverside County Jails from harm. He was responsible and had a non-delegable duty to set and enforce policy, to monitor whether his orders and dictates are being carried out by his deputy sheriffs and other underlings. The actions of deputy sheriffs as public employees affect public monies and Sheriff Bianco was responsible to protect inmates and the public thereby.

79.     Defendant Harold Reed was a peace officer of Riverside County Sheriff's Department, employed by the County, and acting under the color of law

17

COMPLAINT FOR DAMAGES

and within the course and scope of his employment with the County. Upon information and belief, South, at all relevant times herein, was the commanding officer of the Larry D. Smith Correctional Facility. Defendant Reed was responsible for the operation of the Larry D. Smith Correctional Facility. Upon further information and belief, Reed is also charged with ensuring that inmates at the Larry D. Smith Correctional receive medical, mental health, and dental care.

80.    Defendants Sheriff Bianco and Reed, for a period of time sufficient to have notice prior to the subject incident involving Plaintiff, have known or should have known, tolerated, and/or allowed extreme, excessive force and violence to be committed by Sheriff's deputies, including, but not limited to, the SHERIFF DEPUTY DEFENDANTS at the Larry D. Smith Correctional Facility.

81.    Despite such knowledge, defendants Bianco and Reed turned a blind eye to same, refused to conduct meaningful investigations, institute meaningful reform, but instead allowed sham investigations to occur to attempt to establish and maintain plausible deniability.

82.    Although defendants Bianco and Reed were entrusted and required to supervise the Larry D. Smith Correctional Facility, defendants Bianco and Reed failed and refused to so supervise the Larry D. Smith Correctional Facility.

83.    Defendants Bianco and Reed had been on notice long before the date of Plaintiff's injury described above.

84.    The March 24, 2020 incident in which Plaintiff was beaten by SHERIFF DEPUTY DEFENDANTS was not an isolated incident. Defendants Bianco and Reed were well aware of the general problems within the department (lack of staffing, lack of supervision, gang-like tendencies, etc.) that had recently led to increased incidents of violence by deputies toward inmates.

85.    Defendants Bianco and Reed were on notice or had constructive knowledge and were charged with such knowledge, that deputies were taking drastic measures to falsify records in regards to their relations with inmates. In Plaintiff's

**COMPLAINT FOR DAMAGES**

case, Plaintiff alleges that the deputies similarly falsified records to cover up the true cause of Plaintiff's injuries. This is yet another indication of the failure on part of management at the jails by Bianco and Reed to have adequate quality assurance procedures in check regarding falsification of records.

86.     Defendants Bianco and Reed were on notice or had knowledge that deputies operated in packs, such as that of three deputies, to beat inmates who made alleged disrespectful comments toward them. The incident in which Plaintiff was subjected to excessive force is highly similar to such a case.

87.     Defendants Bianco and Reed were on notice or had knowledge that their internal investigating processes in regards to deputy misconduct at the jails were flawed and in need of dramatic reform and attention.

88.     Defendants Bianco and Reed were on notice or had knowledge that deputies tended to act in gang-like groups to ensure they were "respected" to such an extent that they were even territorial amongst themselves and lashed out with violence toward one another at an event outside of work.

89.     Rank and file deputy sheriffs and custody assistants were aware of the lack of any meaningful supervision, investigation or discipline of deputy on inmate violence. This knowledge fostered an atmosphere of relative impunity and brazenness by deputies with violent tendencies toward inmates or who considered physical retaliation for perceived slights which did not justify any physical force at all.

90.     Moreover, defendants Bianco and Reed had a duty in their positions as overseers and mangers of the jail to take action to protect inmates from harm, including Plaintiff.

91.     Further, although Plaintiff was taken to get medical care, the investigation of the cause of his injuries was flawed by management design because deputies involved in the attack were allowed to be present during his interview.

**COMPLAINT FOR DAMAGES**

92.    Defendants Bianco and Reed failed to take action to protect Plaintiff from injuries he received by failing to make system-wide reforms to protect all inmates, including Plaintiff from harm caused by the use of excessive force, cruel and unusual punishment by deputies.

93.    Defendants Bianco and Reed fostered, tolerated and/or promoted a culture of racial prejudice, hatred and violence at the jail through their malfeasance or misfeasance as aforesaid, including failure to demand and require adherence to norms of reasonable conduct by sworn law enforcement, failure/refusal to enforce written codes of conduct and policy, failure to create policies and customs which communicate commitment to root out, discipline, and/or terminate jail deputies using excessive force upon inmates.

94.    Defendants Bianco and Reed have tolerated and allowed a kangaroo court mentality such that inmates suffering criminal violence at the hands (and feet and metal flashlights) of brutal deputies are unfairly taken to administrative segregation, deprived of privileges at the whim of a deputy or supervisor involved in the underlying incident.

95.    Deputy cliques or gangs operated freely in the jail, intimidating inmates and nonmember deputy sheriffs assigned to jail duty.

96.    The SHERIFF DEPUTY DEFENDANTS and each of them so negligently, wrongfully, unlawfully, carelessly and recklessly performed their duties in that they failed to use such care in the performance of their police duties as reasonably prudent and careful police officers would have used under similar circumstances in that they negligently, carelessly, and recklessly without lawful necessity or provocation used unnecessary and excessive, cruel and unusual force upon plaintiff. Their duties required them to prevent excessive force, racial hatred and violence to be inflicted by other deputies.

97.    As a further, direct and legal result of the violation of Plaintiff's constitutional rights and unlawfulness of the Defendants, and each of them, as

aforesaid, Plaintiff has suffered personal injuries and special damages incurred which will be necessary in the future for x-rays, CAT scans, medical, dental, surgical, hospital and other related expenses in the examination, care and treatment of his injuries, the exact nature and extent of which are unknown to Plaintiff at this time.

98.    The conduct of the SHERIFF DEPUTY DEFENDANTS was reckless and acted with callous indifference to the federally protected rights of Plaintiff.

99.    The SHERIFF DEPUTY DEFENDANTS and each of them, engaged in despicable conduct by using excessive force and cruel and unusual punishment and were malicious and in reckless and conscious disregard for the rights and individual safety of Plaintiff. Plaintiff is entitled to punitive damages in accord with statutorily permitted limits to punish and make an example of the individual defendant sheriff deputies.

100.    Plaintiff is entitled to an award of attorneys' fees, costs and expenses under 42 U.S.C. Section 1988 due to Defendants' violations of Plaintiff's Civil Rights.

101.    Plaintiff has also sustained the following injuries and damages, past and future, among others:

a. Hospital and medical expenses;

b. Cost of Defending the wrongful charges;

c. Violation of constitutional rights;

d. All damages and penalties recoverable under 42 USC §§ 1983 and 1988, and as otherwise allowed under California and United States statutes, codes, and common law;

e. Plaintiff's conscious pain and suffering, pursuant to federal civil rights law;

## **FOURTH CAUSE OF ACTION**

### **Intentional Infliction of Emotional Distress**

**COMPLAINT FOR DAMAGES**

**(Cal. Govt. Code §§ 815.2 and 820 and California Common Law)**

**(Plaintiff Bryonte Virgil against All SHERIFF DEPUTY DEFENDANTS)**

102.   Plaintiff re-alleges and incorporate by reference paragraphs 1 through 101, as though fully set forth herein.

103.   While being detained by the SHERIFF DEPUTY DEFENDANTS and while in the custody of the Defendant COUNTY, Plaintiff was harassed, beaten and subjected to excessive force, including kicking and beating the Plaintiff repeatedly while he was laying on the ground and choking the Plaintiff while he was handcuffed.

104.   The SHERIFF DEPUTY DEFENDANTS' conduct in unlawfully and unjustifiably beating Plaintiff exceeded the bounds of conduct usually tolerated by society.  Moreover, Defendants believed, knew and understood, and were aware of facts and circumstances that would have caused a reasonably well trained police officer to believe, know and understand that Plaintiff was susceptible to suffering severe emotional distress due to Defendants' outrageous and unlawful actions taken and committed against Plaintiff, as described above.

105.  Defendant COUNTY is liable under the principals of respondeat superior for the aforementioned acts of Defendants pursuant to California Government Code § 815.2.

106.   Defendants, in engaging in the aforementioned conduct, intended to cause Plaintiffs emotional distress and/or acted with reckless disregard of the probability that Plaintiffs would suffer emotional distress, knowing that Plaintiffs would suffer permanent physical and emotional injuries as a result of their actions.

107.   Defendants' conduct was a substantial factor in causing Plaintiff to suffer from severe physical injuries, emotional distress, mental pain, anguish, embarrassment, humiliation, and psychological disturbance.   Plaintiff suffered special and general damages as a result of the physical injuries, emotional distress, mental pain, anguish, embarrassment, humiliation and psychological disturbance in

**COMPLAINT FOR DAMAGES**

an amount according to proof at trial, and exceeds the jurisdictional amount of this court.

108.   Defendant COUNTY is vicariously liable for the wrongful acts of Defendants SHERIFF DEPUTY DEFENDANTS and DOES 1 through 50, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

109.   The individual Defendants' aforementioned actions were willful, intentional, wanton, reckless, and in conscious disregard for Plaintiffs' rights, warranting the award of exemplary and punitive damages as to said individual Defendants.

## FIFTH CAUSE OF ACTION

### Negligence (Cal. Govt. Code § 820 and California Common Law)
### (Plaintiff against All SHERIFF DEPUTY DEFENDANTS)

110.   Plaintiff incorporates by reference paragraphs 1 through 109 as though fully set forth herein.

111.   The SHERIFF DEPUTY DEFENDANTS and each of them were sheriff deputies acting within the course and scope of their employment who negligently, carelessly, and without reasonable care used excessive force and battered Plaintiff. Alternatively, at the time and place described above, each of the Defendants came upon Plaintiff and negligently, carelessly and/or recklessly concluded that he presented a risk of death or serious injury or harm to one of them, thereby necessitating the use of severe and deadly force against him.

112.   The SHERIFF DEPUTY DEFENDANTS and each of them had the duty to exercise ordinary care towards the Plaintiff and should have known that subjecting the Plaintiff to conduct described herein would lead to bodily injury or death and foreseeably cause the Plaintiff to suffer harm.

113.   The individual Defendants breached this duty by illegally assaulting,

23

**COMPLAINT FOR DAMAGES**

battering and beating Plaintiff although he posed no reasonable or credible threat of violence and complied with their orders. No reasonable officer would have thought it proper to beat Plaintiff under such circumstances.

114.    As a proximate and direct result of Defendant's actions, Plaintiff suffered to suffer from severe physical injuries, emotional distress, mental pain, anguish, embarrassment, humiliation, and psychological disturbance.    Plaintiff suffered special and general damages as a result of the physical injuries, emotional distress, mental pain, anguish, embarrassment, humiliation and psychological disturbance in an amount according to proof at trial, and exceeds the jurisdictional amount of this court.

115.    Defendant COUNTY is vicariously liable for the wrongful acts of Defendants SHERIFF DEPUTY DEFENDANTS and DOES 1 through 50, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

116.    The individual Defendants' aforementioned actions were willful, intentional, wanton, reckless, and in conscious disregard for Plaintiffs' rights, warranting the award of exemplary and punitive damages as to said individual Defendants.

## SIXTH CAUSE OF ACTION

### Assault and Battery (Cal. Govt. Code § 820 and California Common Law)
### (Plaintiff against All SHERIFF DEPUTY DEFENDANTS)

117.    Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 116, above.

118.    The SHERIFF DEPUTY DEFENDANTS and each of them caused unreasonable apprehension of harmful or offensive contact when they beat Plaintiff in the hallway facing the rec yard without any provocation or threat of violence.

**COMPLAINT FOR DAMAGES**

119.   Specifically, the SHERIFF DEPUTY DEFENDANTS punched and beat Plaintiff in the head, face and body although Plaintiff posed no threat to either of the SHERIFF DEPUTY DEFENDANTS.  While one deputy assaulted and battered Plaintiff, the other deputy held Plaintiff down with his knees on Plaintiff's back and legs.

120.   Plaintiff was restrained at the time of assault and battery and he did not pose a threat to the health and safety of the deputies, to the other inmates or himself. The attack on Plaintiff was unprovoked and without any justification whatsoever; the assault and battery, which was excessive under the totality of the circumstances, served no legitimate law enforcement purpose.

121.   As a result of the severe beating, Plaintiff suffered a broken nose, traumatic hematoma to his forehead, concussion and possibly traumatic encephalopathy, periorbital ecchymosis (black eye), bruising and pain to his torso, and injury to his left wrist and hand.

122.   Plaintiffs did not at any time consent to the officer's request to enter the residence.

123.   Defendant COUNTY is vicariously liable for the wrongful acts of the SHERIFF DEPUTY DEFENDANTS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's actions would subject him or her to liability.

124.   The conduct of Defendants was malicious, wanton, oppressive and accomplished with a conscious disregard for the rights of Plaintiff, entitling Plaintiff to an award of damages, including exemplary and punitive damages.

**SEVENTH CAUSE OF ACTION**

**Violation of Bane Act (Cal. Civil Code § 52.1 and California Common Law)**

**(Plaintiff against All Defendants)**

**COMPLAINT FOR DAMAGES**

125.    Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 124, above.

126.    SHERIFF DEPUTY DEFENDANTS, while working as peace officers for the COUNTY at the Larry D. Smith Correctional Facility, and acting within the course and scope of their duties, interfered with or attempted to interfere with the rights of Plaintiffs to free speech and to be free from excessive force and cruel and unusual punishment, and to be free from state actions that shock the conscience, by threatening or committing acts involving violence, threats, coercion or intimidation.

127.    Plaintiff reasonably believed that if he exercised their constitutional rights, SHERIFF DEPUTY DEFENDANTS would commit acts involving violence, threats, coercion or intimidation against them or their property.

128.    SHERIFF DEPUTY DEFENDANTS injured Plaintiff to prevent them from exercising their rights to be free from unreasonable searches or retaliated against Plaintiff for having exercised their rights to be free from unreasonable searches.

129.    Plaintiff Bryonte Virgil were caused to suffer severe physical injuries, severe pain and suffering.

130.    The conduct of Defendants was a substantial factor in causing the harms, losses, injuries and damages of Plaintiff.

131.    Defendant COUNTY is vicariously liable for the wrongful acts of Defendants pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's actions would subject him or her to liability.

132.    The conduct of SHERIFF DEPUTY DEFENDANTS was malicious, wanton, and oppressive and accomplished with a conscious disregard for the rights of Plaintiff, entitling these Plaintiff to an award of damages, including exemplary and punitive damages.

**COMPLAINT FOR DAMAGES**

133.   Plaintiff also seeks attorney fees under this claim.

## EIGHTH CAUSE OF ACTION

## VIOLATION OF RALPH ACT (Cal. Civil Code § 51.7)

### (Against All Defendants)

134.   Plaintiff repeats and re-alleges all prior paragraphs of this Complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

135.   Plaintiff is informed and believes that each of the SHERIFF DEPUTY DEFENDANTS decided to batter and use excessive force upon the Plaintiff, including kicking and beating the Plaintiff repeatedly while he was laying on the ground and choking the Plaintiff while he was handcuffed, as a result of their racial prejudice against him because he was an African-American male. Plaintiff contends that the Defendants would not have battered Plaintiff all over the head and body and used excessive force upon his person had he not been African-American.

136.   Consequently, in choosing to exercise severe and malicious force against Plaintiff, each of the SHERIFF DEPUTY DEFENDANTS discriminated against him on account of his race and deprived him of civil rights protected under the California Constitution.

137.   In committing the acts described above, each of the Defendants violated Plaintiff's right to be free from violence and intimidation by threats of violence because of his race, as guaranteed him by Civil Code §§ 51.7 and 43, in that Defendants battered and used excessive force upon the Plaintiff, and intimidated him by threatening to so batter and use excessive force against him.

138.   As a direct and proximate result of the negligent and careless acts described above, Plaintiff has been generally and specially damaged in a sum to be established according to proof at the time of trial, as provided in Cal. Code of Civ. Proc. §§ 425.10 and 425.11.

27

139.   As a direct and proximate result of the battery and excessive force described above, Plaintiff suffered severe physical injuries inflicted upon him by County personnel, including but not limited to the following: (1) bruising and swelling on his face and head; (2) difficulty eating due to injuries to his mouth and face; (3) swollen "black eyes;" (4) injuries to his hands from being beaten while handcuffed; (5) difficulty walking due to pain in his legs; (6) severe pain over much of his body.

140.   As a further direct and proximate result of the foregoing, Plaintiff suffered and continues to suffer from physical ailments, depression, nightmares, mental anguish, irritability, anxiety, short-temper, moodiness, difficulty sleeping, social withdrawal, tearfulness, and anger.

141.   In doing the acts alleged in this complaint, each of the SHERIFF DEPUTY DEFENDANTS, knew or through the exercise of reasonable diligence should have known, that their actions were highly likely to severely and/or fatally injure Plaintiff. Plaintiff is informed and believes, and on that basis alleges, that each of those defendants intended to cause Plaintiff injury and acted with a malicious, willful and conscious disregard for his rights as secured by Civil Code § 51.7. He did nothing to justify the use of excessive force against him. He was unarmed and had not posed any reasonable threat of death or serious bodily harm to any person at or about the scene. He did not attempt to resist. The unjustified use of excessive force against him was inflicted, in whole or in part, on account of his race and with the intent to maliciously and oppressively deny him of his civil rights, and/or to deprive him of his life, and/or to inflict severe bodily injury on him. Accordingly, the conduct of SHERIFF DEPUTY DEFENDANTS in battering and using excessive force upon his person him the awarding of punitive damages against each of them pursuant to Civil Code § 52(b)(1) and Civil Code § 3294.

**COMPLAINT FOR DAMAGES**

142.   As a further legal result of this civil rights violation, the Plaintiffs seek the award of reasonable attorney fees as provided for in Civil Code §§ 52.1(b) and 52.1 (h), in an amount to be determined according to proof at trial.

143.   As a further legal result of this civil rights violation, the Plaintiffs seek in addition to the other damages stated here, the statutory civil penalty of $25,000 per wrongdoer, except as to Defendants COUNTY, RCSD and DOES 1 through 30, pursuant to Civil Code § 52(b)(2).

144.   Defendant COUNTY is vicariously liable for the wrongful acts of the SHERIFF DEPUTY DEFENDANTS pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants as follows on all Causes of Action:

1.     For general damages according to proof;

2.     For special damages according to proof;

3.     For medical expenses according to proof;

4.     For pain and suffering;

5.     For interest thereon as provided by law;

6.     For attorneys' fees;

7.     For punitive damages;

**COMPLAINT FOR DAMAGES**

8.   For costs of suit incurred herein; and

9.   For such other and further relief as the Court may deem proper.

Respectfully submitted,

DATED:   September 1, 2020                     HARRIS & ASSOCIATES

By: /s/ *Herbert Hayden*
HERBERT HAYDEN, ESQ.
Attorneys for Plaintiff

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

DATED:   September 1, 2020                     HARRIS & ASSOCIATES

By: /s/ *Herbert Hayden*
HERBERT HAYDEN, ESQ.
Attorneys for Plaintiff

30

**COMPLAINT FOR DAMAGES**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES**