**Bruce E. Disenhouse, SBN 078760**
DISENHOUSE LAW APC
3833 Tenth Street
Riverside, California 92501
T: 951-530-3710
F: 951-543-4239
E: bruce@disenhouselaw.net

Attorneys for Defendants COUNTY OF RIVERSIDE, CHAD BIANCO, HAROLD REED, AMIR KHODR, MICHAEL MONTEON, JAMES PARKS and BRIAN KELLY

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYONTE VIRGIL,<br><br>　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF RIVERSIDE, CHAD BIANCO, individually, HAROLD REED, individually, and DOES 1-50, Inclusive,<br><br>　　　　Defendants. | CASE NO.: 5:20-cv-01804-JGB-KK<br><br>Hon. Jesus G. Bernal<br><br>ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL |

Defendants COUNTY OF RIVERSIDE, CHAD BIANCO, and HAROLD REED, AMIR KHODR, MICHAEL MONTEON, JAMES PARKS and BRIAN KELLY answers the First Amended Complaint on file herein as follows:

**I**

Defendants admit the allegations of paragraphs 2, 3, 6, 9, 10, 11 and 30.

**II**

Defendants deny the allegations, generally and specifically, of paragraphs 1, 4, 5, 7, 8, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, 25, 26, 27, 28, 29, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 61, 62, 63, 64, 65, 66, 67, 68, 70, 71, 72, 73, 74, 75, 76, 78, 79, 80,

81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 109, 110, 111, 112, 113, 114, 115, 117, 118, 119, 120, 121, 122, 124, 125, 126, 127, 128, 129, 130, 132, 133, 134, 135, 136, 137, 138, 139, 141, 142, 143,144, 145, 146, 147, 148, 149, and 150.

## AFFIRMATIVE DEFENSES

As and for affirmative defenses, Defendants allege as follows:

1. The First Amended Complaint fails to state a claim for relief, thus barring any claim herein, including any claim for exemplary damages.

2. The federal claims against all individually named Defendants are barred by the doctrine of qualified immunity.

3. The state law claims are barred by all applicable immunities under the Government Claims Act including California Government Code §§ 815, 815.2(b), 818.2, 818.8, 820.2, 820.4, 820.8, 821, 844.6, 845, 845.2, 845.6, 855, 855.6, 855.8 and 856.

4. At the time of the events referred to herein, Plaintiff consented to the conduct of Defendants and Plaintiff is estopped from asserting any claims for relief.

5. Any injury or damages to Plaintiff herein was proximately caused by the negligence of the Plaintiff, in that he failed to exercise ordinary care under the circumstance. Plaintiff's recovery shall be reduced on the basis of Plaintiff's contributory comparative negligence.

6. At all times herein mentioned, Plaintiff knew the risks of injury and damage involved in his actions and conduct, and with full knowledge of such risks and appreciating the dangers thereof, nevertheless voluntarily assumed such risks; that by reason of the premises, Plaintiff is barred from recovery herein.

7. If Plaintiff sustained any damage as alleged in his First Amended Complaint, that damage was proximately caused and contributed to by other persons, entities or parties other than these Defendants in failing to conduct themselves in a manner ordinarily expected of reasonably prudent person in the conduct of their

1  affairs and business.  These Defendants shall therefore be liable only for the amount
2  of non-economic allocated in direct proportion to these Defendants percentage of
3  fault, pursuant to California Civil Code §1431.2 and other applicable law.

4        8. The individual Defendants are not liable for any punitive damages in
5  that they have never taken any action with a willful or conscious disregard of the
6  Plaintiff's rights, have not engaged in any malicious or despicable conduct with
7  respect to the Plaintiff, nor have they performed or omitted any act which would
8  constitute intentional misrepresentations, deceit or concealment of a material fact
9  with the intention of depriving the Plaintiff of property, legal rights, or causing
10 injury, thus barring any claim for punitive damages.

11       9. Plaintiff has failed to mitigate damages, if any, and is therefore barred
12 from recovery herein, or in the alternative, should have his damages reduced by that
13 amount attributable to the failure to mitigate.

14       10. Plaintiff's Unruh Act Claim (Bane and Ralph Acts) fails because
15 responding parties took no action against Plaintiff by virtue of Plaintiff's race,
16 national origin, or ethnicity, or because of any speech made or threatened to be made
17 by Plaintiff.

18       11. The COUNTY OF RIVERSIDE had no unconstitutional customs,
19 practices or polices and did not act with deliberate indifference towards Plaintiff,
20 thus barring Plaintiff's Monell claims in their entirety.

21       12. Any force used on Plaintiff was objectively reasonable and necessary,
22 thus barring all use of force claims herein.

23       13. None of Defendants conduct created a substantial risk of serious harm
24 to Plaintiff's health or safety, thus barring any Eighth or Fourteenth Amendment
25 claims herein.

26       14. Plaintiff's medical care was constitutionally adequate, further barring
27 any Eighth or Fourteenth Amendment claims herein.

28

15. The force used against Plaintiff was neither maliciously or sadistically used to cause harm, but was used in a good faith effort to protect the safety of inmates and jail staff, and to maintain or restore institutional discipline, thus barring any excessive force claims herein.

16. None of Defendants' conduct was retaliatory, as none of it was substantially motivated by Plaintiffs alleged exercise of First Amendment rights.

17. None of the individual Defendants' conduct was outrageous, nor did they intend to either intentionally or with reckless disregard to cause Plaintiff to suffer emotional distress, nor did Plaintiff suffer severe emotional distress, thus barring any intentional infliction of emotional distress claim herein.

18. All intentional infliction of emotional distress claims are barred because all of Defendants conduct was privileged, lawful and consistent with community standards and all Defendants had a good faith belief that they had a legal right to engage in that conduct.

19. Any Defendant who used force against Plaintiff did so acting in good faith and with a reasonable belief that Plaintiff was going to harm others, including other jail staff, and used only that force that was reasonably necessary to protect themselves and others, thus barring the state battery claim.

WHEREFORE, Defendants pray:

1. That Plaintiff take nothing by reason of his First Amended Complaint;
2. For costs of suit herein incurred;
3. For defense costs, including reasonable attorney's fees;
4. For such other and further relief as the court may deem just and proper.

Date:  April 2, 2021                             DISENHOUSE LAW APC

                                                 /s/ Bruce E. Disenhouse

                                                 _____
                                                 BRUCE E. DISENHOUSE

**DEMAND FOR JURY TRIAL**

Defendants COUNTY OF RIVERSIDE, CHAD BIANCO, HAROLD REED, AMIR KHODR, MICHAEL MONTEON, JAMES PARKS and BRIAN KELLY demand a trial by jury as to all the issues framed by the pleadings pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 38-1.

Date:  April 2, 2021                         DISENHOUSE LAW APC

                                             /s/ Bruce E. Disenhouse

                                             _____
                                             BRUCE E. DISENHOUSE

**PROOF OF SERVICE BY MAIL**

**STATE OF CALIFORNIA** )
) ss.
**COUNTY OF RIVERSIDE** )

    I, Brenda Laird, state that I am employed in the aforesaid County, State of California; I am over the age of eighteen years and not a party to the within action; my business address is 3833 Tenth Street, Riverside, California 92501.

    On April 2, 2021, I served or caused to be served the foregoing ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL on the interested parties by placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Riverside, California, addressed as follows and/or by one of the methods of service as follows:

**SEE ATTACHED MAILING LIST**

___   **BY MAIL**: I am readily familiar with this firm's practice of collection and processing of correspondence for mailing with the United States Postal Service, and that the correspondence shall be deposited with the United States Postal Service the same day in the ordinary course of business pursuant to C.C.P. 1013(a).

___   **BY FAX**: A copy of said document(s) was delivered by facsimile transmission to the addressee pursuant to C.C.P. 1013(e).

___   **BY ELECTRONIC SERVICE**: A copy of said document(s) was delivered by electronic transmission to the addressee(s) pursuant to C.C.P. 1013(g) and 1010.6(3) at the email addresses listed. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

___   **BY PERSONAL SERVICE**: I caused to be hand-delivered said document(s) to the office of the addressee, using an attorney service, pursuant to C.C.P. 1011.

___   **BY EXPRESS MAIL**: I caused said document(s) to be placed in an Express Mail Overnight Envelope and deposited in an Express Mail DropBox to be delivered the following business day pursuant to C.C.P. 1013(c).

_X_   **FEDERAL**: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Pursuant to L.R. 5-3.2.1 and 5-3.2.2 the undersigned declares service has been affected by way of CM/ECF or via Mail service as indicated above.

    I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed on April 2, 2021, at Riverside, California.

                                               */s/ Brenda Laird*
                                               BRENDA LAIRD

# MAILING LIST

*Virgil v. County of Riverside, et al.*
*Case Number 5:20-cv-01804-JGB-KK*

**<u>Attorney for Plaintiff Bryonte Virgil</u>**
Herbert Hayden
Harris & Associates
865 S. Figueroa Street, Ste. 2750
Los Angeles, California  90017
T:  213-489-9833
F:  213-489-9833
E:  herbert@jwharrislaw.com